UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Cause No. 3:23-CV-936-PPS-JEM |

# OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint about a prison transfer to Indiana State Prison. [DE 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler complains about a transfer from Correctional Industries Facility ("CIF") to Indiana State Prison ("ISP"). He alleges that he has multiple sclerosis, which requires him to use a wheelchair to travel long distances. CIF is not wheelchair accessible, so his transfer to ISP was supposed to allow him to use a wheelchair. But

since being at ISP, he has been allowed only a cane. He alleges the cane is insufficient; when he walks, one or both of his legs give out nearly every step.

In addition, he says that because of his multiple sclerosis, he is viewed as an "easy target" or "weak." [DE 1 at 2.] As a result, he has been physically assaulted, threatened, and had his property stolen. Chandler contends that he should not have been placed at ISP. It is a maximum-security prison, and Chandler asserts that his criminal history does not warrant being placed in a maximum-security facility. He seeks money damages "for physical and mental abuse and the fact that I fear for my life[.]" *Id.* at 4.

This complaint does not state a claim for relief. First, Chandler sues only the Indiana Department of Correction, which is not a proper defendant for a claim under 42 U.S.C. § 1983. The Indiana Department of Correction is an arm of the State and cannot be sued for damages in federal court under § 1983 or state law. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Pennhurst St. Sch. & Hospital v. Halderman*, 465 U.S. 89, 102 (1984) (Eleventh Amendment prohibits federal courts from hearing state-law claims against the State unless the State waives immunity).

Additionally, prisoners do not have a constitutional right to the housing assignment of their choosing, and where best to house a prisoner is ordinarily a matter committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("Neither, in our view, does the Due Process Clause in and of itself protect a duly

2

convicted prisoner against transfer from one institution to another within the state prison system. . . . That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). There is no constitutional right for a prisoner to remain in a particular prison. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). The Constitution comes into play only if a transfer results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). There are no alleged facts to suggest the conditions at Indiana State Prison impose such an "atypical and significant hardship," even though it is a maximum-security facility.

Although Chandler may not proceed on a claim regarding his transfer to ISP, the conditions that Chandler faces there could, independently, state a constitutional claim.[1] Prisoners are entitled to reasonable protection from a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Chandler alleges that he has been physically assaulted because his medical condition makes him a target for other prisoners. To state a claim for failure to protect, a plaintiff must establish the defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable

---

[1] Chandler raises issues with both his medical care and being targeted by other inmates at ISP. However, his medical care related to his need for a wheelchair is the subject of another lawsuit. *See Chandler v. Centurion*, No. 3:23-CV-935-JD-JEM (N.D. Ind. filed Oct. 23, 2024). There is no need to discuss it further here.

3

refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). Typically, a failure-to-protect claim requires a plaintiff to allege a threat from a specific person:

> [A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk.

*Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). But prison officials may also be found liable where it can be proven they knew an inmate "faced a significant risk of harm from a 'particular vulnerability' and exposed him to that risk anyway." *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) (quoting *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005)). The physical limitations that Chandler experiences from multiple sclerosis could be considered a "particular vulnerability" in the prison context. But he does not identify as a defendant any prison staff members who were aware of his physical limitations but placed him in a dangerous living situation anyway or who otherwise did not take reasonable steps to keep him safe.

Therefore, this complaint does not state a claim for relief. If Chandler believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. In that amended complaint, he needs to name as defendants who was involved the alleged constitutional violation and explain what happened and how each defendant was involved.

For these reasons, the Court:

(1) GRANTS Kyle Chandler until **April 15, 2024**, to file an amended complaint; and

(2) CAUTIONS Kyle Chandler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on March 8, 2024.

>  /s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT