UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KYLE CHANDLER,

    Plaintiff,

    v.   Cause No. 3:23-CV-936-PPS-AZ

JENNIFER FARMER,

    Defendant.

## OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint that the Court determined did not state a claim for relief. [DE 1.] He sued the Indiana Department of Correction, objecting to his transfer to Indiana State Prison because he did not feel his security classification warranted placement in a maximum-security prison and because his physical disabilities made him a target for violence. *Id.* I told him that the Indiana Department of Correction was not the right defendant for such a claim, but even with a different defendant, he could not challenge the transfer decision. [DE 6 at 1.] A prisoner has no constitutional right to challenge a prison transfer unless the transfer results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The transfer to Indiana State Prison did not meet this standard. [DE 6 at 2.] I told Chandler, though, that although he could not challenge the transfer decision, he could state a claim if prison officials failed to protect him from harm at Indiana State Prison. *Id.* at 3. He was told he needed file an amended complaint and "identify as a defendant any prison staff members who were

aware of his physical limitations but placed him in a dangerous living situation anyway or who otherwise did not take reasonable steps to keep him safe." *Id.* Chandler has filed an amended complaint. [DE 7.] But even construing his complaint liberally, as I must, his amended complaint does not address the problems I identified with his earlier complaint.

In his amended complaint, Chandler sues Jennifer Farmer, the head of classification for the Indiana Department of Correction, for his transfer to Indiana State Prison. [DE 7 at 2.] He says since his transfer, he has been physically assaulted several times, he has been threatened numerous times, and he has had his property stolen. He says that he seen as a "weak or easy target," but his requests for protection were denied. He again states that he should not have been sent to Indiana State Prison.

Chandler cannot challenge the transfer decision in a case under 42 U.S.C. § 1983 because he has no constitutional basis to challenge the transfer. The Supreme Court is clear that a prisoner cannot generally challenge a prison transfer:

> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.

*Meachum v. Fano*, 427 U.S. 215, 225 (1976). Rather, the Constitution comes into play only if the transfer is to a facility that "impose[s] an atypical and significant hardship within the correctional context," such as a "supermax" prison. *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005). Though Chandler asserts that he should not be at a maximum-security level facility, this more restrictive placement does not implicate constitutional concerns. And

2

he provides no basis, other than the transfer itself, to hold Jennifer Farmer responsible for the harm he has suffered at Indiana State Prison. This is not enough to proceed.

This complaint does not state a claim for relief. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Chandler has been given the opportunity to file an amended complaint, and he persisted in pursuing a nonviable claim.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED** on June 28, 2024.

/s/ Philip P. Simon
PHILP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT